JENKINS, Circuit Judge
(after stating the facts as above). The argument sought to present for our determination a question both interesting and delicate: Which court—that of the United States or of the state—first acquired jurisdiction of the property of the North & South Rolling-Stock Company? We are relieved from the consideration of that question by other matters which must control our judgment. We are of opinion that the bill filed by Hoke in the circuit court of the United States exhibited no ground for the exercise of the equitable jurisdiction of the court, and that the proceedings of that court thereon are without warrant of law. It would be difficult to classify the bill under any known head of equity jurisdiction. It declares no contest concerning property, no dispute of any kind between the parties thereto. It asserts no dereliction in duty by the defendant corporation or its officers, and no ground to warrant the interference of a stockholder for the protection of his rights. There is no dispute to be adjudged, no right to be asserted, no decree prayed. The court is merely asked to take the property of the defendant corporation under its management during the pend-ency of a writ of error to be sued out by the company with respect to judgments obtained in another court, because, if such writ should be sued out, the company, by reason of its insolvency, would be unable to supersede the judgments. In other words, it is sought to make a bill in equity operate as a supersedeas bond upon writ of error in a court of another jurisdiction, and to demand that for such *977 purpose a court of the United States should become the manager of the business of the corporation. A new nomenclature must be adopted to properly designate the bill in question. We know of no better name by which to characterize it than a bill to hinder and delay creditors.
The indisputable facts disclose, also, that this suit in the United States court is manifestly, and upon the face of the bill, collusive. If any right is asserted by this bill,—and we are unable to discover any,—it was a right which could properly be asserted by the corporation. Mo effort is stated to procure proper action by the directors, of which the complainant was one, nor is a failure therein asserted, and the bill contains no allegation negativing collusion. The ninety-fourth rule in equity requires that these things should be stated. These necessary averments are doubtless wanting, for the reason that they could not truthfully be asserted. The complainant is the owner of one share of the capital stock out of 3,000, and is one of the directors of the company. He is the clerk of Berthold & Jennings, the other directors, and the owners of two-thirds of the capital stock of the company, and who have, as officers of the company, with the knowledge and consent of Hoke, executed to themselves, as individuals, a mortgage upon all the property of the company, and also judgment notes which have passed into judgment and the property of the company levied upon thereunder; and all this subsequent to the obtaining of judgments by O’Hara, and, as is asserted by the bill in the state court, for the purpose of hindering, delaying, and defrauding him in the collection of his debt. He asks that these liens be recognized. It is a significant fact, also, that the bill contains no reference to or mention of the creditors’ bill that had previously been filed in the state court. There can be no question that the suit is collusive and vexatious. We cannot forbear to say that this proceeding is not deserving of judicial sanction. It is not to be tolerated that the courts of the United States shall be thus used. It cannot be permitted that a conflict between courts of federal and state jurisdiction—always to be deprecated, and to be avoided, if possible—may thus be projected to further the supposed interest of desperate litigants. The courts of the United States will not sanction such proceedings, nor become party to an unwarranted conflict with the courts of another jurisdiction. Upon its face, the bill is without equity to sustain it, and should have been dismissed by the court sua sponte. It presented no case for the exercise of equitable jurisdiction, and no warrant or justification for the appointment of a receiver.
It is objected that the appellant had not obtained leave of the court appointing him to prosecute this appeal. We had occasion in Bosworth v. Association (decided at the present session) 80 Fed. 969, to consider the question of the right of a receiver to appeal. This case is distinguishable from that, in this: that the receiver here is not the appointee of the court from whose decree the appeal is taken. If it be necessary that in all cases a receiver should obtain the authority and the direction of the court appointing him to appeal in any case pending in another jurisdiction, and if it be true *978 that the appellees here can properly object for want of such leave, we do not doubt that the authority conferred by the order of appointment to apply to the circuit court of the United States for the restoration of the property to the rightful jurisdiction of the state court, and to carry on all proceedings necessary and proper for that purpose, is ample to warrant this appeal, which was, in fact, allowed by the court below. The decree is reversed, and the cause is remanded, with directions to the court below to grant the prayer of the petition, and to direct its receiver to release and turn over to the appellant, as receiver, all the property of the North & South Rolling-Stock Company which at any time has come to his possession as such receiver, and to account for and pay over to the appellant, as such receiver, all moneys in his hands or property received by him as earnings of the property and railroad cars of which he at any time has had possession, under the order of the court below.