# Cobbs, Rec. *v.* Vizard Inv. Co.

*Receivership Settlement.*

(Decided May 13, 1913.   62 South. 730.)

1. *Receivers; Right to Appeal.*—Unless given unusual authority, a receiver cannot appeal from a decree allowing the claim of a creditor as he has no interest in the distribution.

2. *Same; Authority to Appeal.*—The decree of the court directing and authorizing its receiver to contest and resist the allowance of any or all claims does not authorize the receiver to appeal from the court's decree allowing a claim.

APPEAL from Jefferson Circuit Court.

Heard before Hon. E. C. CROWE.

On bill filed by the Attorney General, the Union Bank & Trust Company, a private banking corporation, was declared insolvent, and Cobbs was appointed receiver. The court after hearing the matter allowed the claim of the Vizard Investment Company, and J. B. Cobbs as such receiver appealed from the decree. Appeal dismissed.

EDMUND H. DRYER, A. LEO OBERDORFER, and KNOX, ACKER, DIXON & SIMS, for appellant. Counsel discuss the merits of the appeal, with citation of authority in support of their contention that the claim was improperly allowed, but in view of the opinion it is not deemed necessary to here set it out. On the question of the right and authority of the receiver to appeal from the decree, counsel cite *Oates v. Smith,* 57 South. 440; sec. 3509, Code 1907; *Thornton v. H. A. & B. R. R. Co.,* 94 Ala. 456, and the decree of the trial court authorizing and empowering the receiver to resist and contest any or all claims presented.

THOMPSON & THOMPSON, for appellee. The receiver was without authority to prosecute this appeal.—*Dorsey v. Sibert,* 93 Ala. 312; sec. 3611, Code 1907. Counsel also discuss the failure to assign errors, and the failure in brief to argue the errors insisted on, and that consequently they were waived.

SAYRE, J.—Creditors of the Union Bank & Trust Company, a corporation, filed the bill in this case alleging the insolvency of the said Bank & Trust Company, and praying that its assets be decreed to constitute a trust fund for the payment of the claims of all its creditors, and that the same be marshaled and administered for their benefit as provided by section 3509

of the Code. Under the bill, and in accordance with its prayer, appellant was appointed receiver. J. S. Kennedy filed his claim as a depositing creditor in the sum of $3,894. His deposit had been made to the credit of "J. S. Kennedy, as trustee." Ector H. Smith had been president of the insolvent corporation, had controlled its affairs, and was largely indebted to it. Kennedy had received and deposited the money in the course of transactions in which Smith and the Vizard Investment Company were interested, and the complication was such that he did not really know to whom it belonged. Both Smith and the Investment Company claimed it. After the time fixed by the court for the presentation of claims against the estate had expired, the Investment Company was allowed by the court to propound its claim to that part of the fund in question by procuring the claim filed by Kennedy to be so amended as to show a claim in its behalf. The Investment Company's claim was disallowed by the clerk, acting as register. But on exceptions taken to his report the court reversed the clerk's finding, and decreed the deposit to be the property of the Investment Company. The receiver seeks by this appeal to review the court's ruling in that behalf.

Appellee moves that the appeal be dismissed. We discover no reason why the appeal should be allowed, and are of opinion that the motion should prevail. A receiver may undoubtedly appeal from the orders and decrees affecting his claims for fees and expenses or involving him in personal responsibility.—*Thornton v. Highland Ave. R. R. Co.*, 94 Ala. 353, 10 South. 442. But he is the mere agent of the court for the collection and distribution of the assets of the insolvent corporation under orders of the court which fully protect him, and in this disposition of the property he has no personal concern, except to the limited extent indicated above.

And so it is generally held that he cannot appeal from an order respecting the conflicting claims of creditors. To such controversies the receiver is not a party in interest, and for that reason has no appeal as of right.— *Dorsey v. Sibert*, 93 Ala. 312, 9 South. 288; Smith on Recrs. § 41; High on Recrs. (4th Ed.) § 809b. The distribution of the fund among creditors concerned the creditors only; and, if any of them were dissatisfied with the court's decree, they should have taken the appeal at their cost, and not at the cost of the fund.— *Bank v. Bank,* 127 N. C. 432, 37 S. E. 461.

In its decree providing for the administration of the trust estate the circuit court, sitting in equity, authorized and required its receiver "to contest and resist the allowance of any claim to the extent it is unjust or illegal, either in amount or as to the security claimed, to collect and reduce to money with due and reasonable speed and diligence all of the assets and property of the said respondent Union Bank & Trust Company, * * * and to employ and have the services of legal counsel for all such purposes and for any other purpose in the discharge of his duties as such receiver." All this power and duty the receiver has exercised and discharged as to the item in dispute by contesting appellee's claim in the court below. The receiver is the mere creature of the court. He must give heed to his master's voice. He cannot make authority for himself. Neither the recited language of the decree nor any reasonable implication to be found in it authorizes the receiver to question the court's decree by appeal. In the general expression of this decree there is nothing to indicate that it was written with the view of conferring unusual authority upon the receiver, or that the court had in contemplation the propriety of the receiver's appeal from its future orders. Appellant seems to think

that receivers should have the right in all cases to re-
view the rulings of the court under whose appointment
they act. But we doubt that such policy would con-
serve the interest of those for whose benefit insolvent
funds are to be administered. It would seem to tend
rather to the consumption of the fund in the payment of
costs and atttorney's fees. The court may in its dis-
cretion authorize its receiver to bring its decree under
review by appeal, but in this case it has not done so,
and the appeal must be dismissed.

Appeal dismissed. All the Justices concur, except
DOWDELL, C. J., not sitting.