## Coffey v. Gay, et al.

### Bill by Receiver.

(Decided November 7, 1914.   Rehearing denied December 17, 1914.
67 South. 681.)

*Receivers; Appeal by; Authority.*—Where a receiver was authorized to institute an action, but the court authorizing the action and appointing him as receiver, having decided against the claim, the receiver cannot appeal without leave of the court, since he is an officer of the court, subject to its direction, and not personally interested.

APPEAL from Jackson Chancery Court.

Heard before Hon. W. H. SIMPSON.

Bill by R. A. Coffey, receiver, against J. W. Gay, and others. From a decree for respondent, complainant, as such receiver, attempted to bring this appeal. Appeal dismissed.

LAWRENCE E. BROWN, for appellant. ·

JOHN F. PROCTOR, for appellee.

GARDNER, J.—The First State Bank of Bridgeport, Ala., was placed in the hands of a receiver under appointment of the chancery court of Jackson county,

upon a bill filed by Alex M. Garber, as Attorney General of the State, as provided by statute (section 3560, Code of 1907) of force at that time. Pending the administration of the affairs of said bank in said court, the receiver first named resigned, and appellant, R. A. Coffey, was duly appointed his successor, and is now acting as such. This bill was filed by said receiver against stockholders, seeking recovery from them upon the theory of unpaid subscriptions, etc. The suit is by said Coffey in his official capacity only; he being without any interest therein except in an official way.

The first averment of the bill is as follows: "That orator is receiver of the First State Bank, acting under appointment of this court made in the case of *Alex M. Garber, Attorney General, etc., v. First State Bank,* and brings this, his bill of complaint, in his official capacity as such receiver."

Upon submission of the cause for final decree, the chancellor was of the opinion that the complainant had failed to make out his case, and, of consequence, dismissed the bill; the reasons therefor being expressed in the decree. From this adverse decree the receiver brought this appeal.

Appellees move that the appeal be dismissed upon the ground that the appeal is taken by the receiver, as such, without any authority from the court appointing him, and without disclosing any special or personal interest in said appeal.

"The appointment of a receiver is one of the prerogatives of a court of equity, exercised in aid of its jurisdiction, in order to enable it to accomplish, as far as practicable, complete justice between the parties before it."

"He [receiver] is said to be the arm and the hand of the court, a part of the machinery of the court, by

which the rights of the parties are protected."—34 Cyc. 16, 17.

"A receiver appointed by the court of chancery, is, to every extent, an officer of that court."—*Magee v. Cowperthwaite*, 10 Ala. 966.

By the decided weight of authority it is established as the general rule that a receiver cannot institute an action connected with the administration of his trust without first procuring the leave of the court appointing him.—High on Receivers (4th Ed.), § 208; 34 Cyc. 377.

As a reason for the above rule, it was said, in *Screven v. Clark*, 48 Ga. 41: "A receiver is at last only an officer of the court, and the foundation of the rule probably is that it is always for the court itself to determine whether it shall be dragged into litigation."

Speaking to the question of an appeal by the receiver from an order entered in the court from which he received his appointment, the Supreme Court of Wisconsin, in the case of *McKinnon v. Wolfenden*, 78 Wis. 237, 47 N. W. 436, after noting that the appeal by the receiver was not authorized by the court, said: "Without such authority it was not competent for him to take the appeal. A receiver is the mere servant or agent of the court to do its bidding, and he cannot be heard to question by appeal the regularity or propriety of the orders of the court in the action, unless the court first authorizes him to do so."

"And, since he is the mere servant or agent of the court, he will not be allowed of his own volition to appeal from an order made in the progress of the cause in which he is appointed."—High on Receivers (4th Ed.), § 264b.

See, also, *First Nat. Bank v. Bunting Co.*, 7 Idaho, 27, 59 Pac. 929, 1106; 34 Cyc. 447.

Authority to institute the suit in the instant case may be found in the order appointing appellant receiver, and, while it is true the suit is by a separate and independent bill, yet it may still be considered as merely a part of the administration of the trust estate and as ancillary to the main suit. Such was the effect of the holding in *White v. Ewing,* 159 U. S. 36, 15 Sup. Ct. 1018, 40 L. Ed. 67, wherein it is said: "The Circuit Court obtained jurisdiction over the   *   *   *   company by the filing of the original creditors' bill,.  *   *   *  and by appointment of a receiver, and any suit by or against such receiver, in the course of the winding up of such corporation, whether for the collection of its assets, or for the defense of its property rights, must be regarded as ancillary to the main suit," etc.

The fact, therefore, that the suit was by separate bill filed in the same court from which the receiver received his appointment, can have no effect upon the principle involved. This suit the receiver was without authority to bring until he first obtained permission of the court of his appointment. This consent given, he files his bill in the chancery court, from which he received his power to act. Whether or not the authority given to sue would also carry with it the implied authority to appeal from an adverse judgment had the suit been in a court other than the one from which he obtained his appointment we need not stop to inquire. That question is not before us. We think that most clearly there could be no implied authority in the instant case for an appeal from its adverse decree. Indeed, this question is answered in the recent case of *Cobbs v. Vizard Inv. Co.,* 182 Ala. 372, 62 South. 730, wherein it is said: "The receiver is the mere creature of the court. He must give heed to his master's voice. He cannot make authority for himself. Neither the recited lan-

[Coffey v. Gay, et al.]

guage of the decree, nor any reasonable implication to be found in it, authorizes the receiver to question the court's decree by appeal. In the general expression of this decree there is nothing to indicate that it was written with the view of conferring unusual authority upon the receiver, or that the court had in contemplation the propriety of the receiver's appeal from its future orders."

The language is directly applicable here. The court gave permission to bring the suit, and the same court heard and determined the cause adversely to the receiver. There is nothing in the order permitting suits indicating any purpose to grant leave to appeal from any order or decree of that court. The court has by its decree determined that there is no merit in the suit, and dismissed the bill. "The receiver is the mere creature of the court. He must give heed to his master's voice." Without the permission of the court he had no authority to bring suit, and it is entirely within the same line of reasoning to require that he obtain leave to prosecute the appeal from an adverse decree from the same court. There are, of course, exceptions to the rule, but with these we are not concerned.

The court may deem an appeal a useless consumption of the fund of the estate, as well also as productive of unnecessary delay in its administration. We doubt not that in all proper cases the court would give the permission for review of the decree, a matter resting largely in the sound discretion of the court, and for an abuse of the discretion the party aggrieved is not without remedy.

The principles recognized in *Cobbs v. Vizard Inv. Co.,* *supra,* seem decisive of this case, and in the conclusion of the opinion the rule here invoked was declared a salutary one. We adopt, as applicable here, the conclud-

ing sentence of that opinion: "The court may, in its discretion, authorize its receiver to bring its decree under review by appeal, but in this case it has not done so, and the appeal must be dismissed."

Appeal dismissed.

ANDERSON, C. J., and McCLELLAN and MAYFIELD, JJ., concur.