STERRETT v. SECOND NAT. BANK OF CINCINNATI, OHIO.

SECOND NAT. BANK OF CINCINNATI, OHIO, v. STERRETT.

(Circuit Court of Appeals, Sixth Circuit. December 4, 1917.)

Nos. 2998, 3001.

1. RECEIVERS ⚙210—ACTIONS BY RECEIVER—CAPACITY TO SUE—"CHANCERY RECEIVER."

A mere "chancery receiver" is but an officer of the court appointing him, and, in the absence of some conveyance or statute vesting in him title to the debtor's property, he cannot sue in the courts of a foreign jurisdiction for its recovery upon the mere order of the appointing court or by virtue alone of his appointment as receiver; and, in the absence of actual conveyance, the question whether the receiver has title is governed by the statutes of the state by whose court the appointment was made.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series Chancery Receiver.]

2. RECEIVERS ⚙210—STATUTORY POWERS—CAPACITY TO SUE.

Under Code Ala. 1907, §§ 3509, 3511, 3512, and 3560, as construed by the Supreme Court of the state, a receiver appointed in involuntary proceedings against an insolvent corporation is not vested with title to the property of the corporation, but is "the mere agent of the court for the collection and distribution of the assets," and such a receiver cannot be authorized by the court to maintain an action to recover assets in a foreign jurisdiction.

3. APPEAL AND ERROR ⚙174—REVIEW—TITLE TO CAUSE OF ACTION.

The defense that plaintiff has no title to the asserted right of action is always open, and may be raised in the appellate court, although not asserted in the court below.

Appeal from the District Court of the United States for the Southern District of Ohio; John E. Sater, Judge.

Suit in equity by W. C. Sterrett, as receiver of the Alabama Trust & Savings Company against the Second National Bank of Cincinnati, Ohio. From the decree, both parties appeal. Reversed.

Lawrence Maxwell, Ferdinand Jelke, Jr., and Landon L. Forchheimer, all of Cincinnati, Ohio (Charles M. Leslie, Joseph Sagmeister, and J. B. Foraker, all of Cincinnati, Ohio, of counsel), for Second Nat. Bank of Cincinnati, Ohio.
Philip & S. C. Roettinger, of Cincinnati, Ohio, and Edmund H. Dryer, of Birmingham, Ala., for W. C. Sterrett.

Before KNAPPEN and DENISON, Circuit Judges, and McCALL, District Judge.

KNAPPEN, Circuit Judge. The plaintiff, as receiver of the Alabama Trust & Savings Company, filed his bill in the court below to recover sums for which he alleged the National Bank was liable on account of dealings between that bank and the Savings Company and its officers. Upon final hearing on pleadings and proofs, the District Court found defendant liable for the application of a balance of the Savings Company's deposit in the National Bank, upon paper held by the latter bank on which the Savings Company appeared as principal maker, but which was found to have been given for the benefit of certain of the Savings Company's officers. Plaintiff's remaining claims were rejected. Both parties have appealed.

At the outset we are met with defendant's contention that plaintiff is without authority to maintain this suit. The Savings Company is a banking corporation organized under the laws of Alabama. In the year 1911, upon a bill filed against it in a state chancery court of Alabama, by certain of its creditors, alleging its insolvency, plaintiff was appointed receiver, and later was given, by the Alabama court, discretionary authority to prosecute the instant suit, which was accordingly brought in a federal District Court in Ohio; there having been no receivership proceedings, ancillary or otherwise, in that state.

[1] It is the settled rule that a mere chancery receiver is but an officer of the court appointing him, and that in the absence of some conveyance or statute vesting in him title to the debtor's property he cannot sue in the courts of a foreign jurisdiction for its recovery upon the mere order of the appointing court, or without other authority than that arising from his appointment as receiver; and that in the absence of actual conveyance (there was none in this case) the question whether the receiver has title is governed by the statutes of the state by whose court the appointment was made. Booth v. Clark, 17 How. 321, 15 L. Ed. 164; Hale v. Allinson, 188 U. S. 56, 23 Sup. Ct. 244, 47 L. Ed. 380; Great Western Mining Co. v. Harris, 198 U. S. 561, 573, 25 Sup. Ct. 770, 49 L. Ed. 1163; Keatley v. Furey, 226 U. S. 399, 403, 33 Sup. Ct. 121, 57 L. Ed. 273. On the other hand, it is equally well settled that, where the statute under which the appointment was made confers such title on the receiver, he may sue as of right in the courts of the foreign jurisdiction; and such courts will, in respect to such question of title, accept the construction put upon the

statute by the highest court of the state. Bernheimer v. Converse, 206 U. S. 516, 534, 27 Sup. Ct. 755, 51 L. Ed. 1163; Converse v. Hamilton, 224 U. S. 243, 256, and following, 32 Sup. Ct. 415, 56 L. Ed. 749, Ann. Cas. 1913D, 1292. The question is: Under which classification does plaintiff receiver come?

[2] Section 3509 of the Code of Alabama (1907) provides that:

"The assets of insolvent corporations constitute a trust fund for the payment of the creditors of such corporations, which may be marshaled and administered in courts of equity in this state."

Section 3511, which relates to proceedings for voluntary dissolution of corporations by action of stockholders, provides for the appointment by the chancery court of a receiver of "all the books, property, and assets of the corporation," and that such receiver shall *under the direction of the court* collect all debts due to, and sell all the property of, the corporation, paying its debts in full or ratably and dividing the residue among stockholders.[1]

Section 3512, which relates to the dissolution of insolvent corporations generally, provides for the appointment of a receiver of all the corporate property and assets, requiring that officer to exercise and perform, *"under the direction of the court,"* the powers and duties required of receivers under section 3511, and to "otherwise manage the affairs of the corporation pending final settlement thereof *as the court shall direct."*

Section 3560, which is confined to proceedings against insolvent banks, requires the Attorney General (upon direction of the Governor, based on the State Treasurer's finding of insolvency) to institute, "in a court having jurisdiction in the county where the bank or parent bank is located," proceedings "to put the bank in the hands of some competent person"; such appointee being required to give bond in an amount to be fixed by the judge, and to "immediately take charge of the business of said bank, collecting its assets and paying off its liabilities, *under the law and rules of such court."* It was under these statutes (although upon bill by private creditors) that plaintiff's appointment was made, and by which the question of his title is to be tested.

The decree, after reciting the corporate organization of the Savings Company under the general laws of Alabama, its insolvency, its suspension of business, and inability to resume the same with safety to the public, that its assets constitute a trust fund for the payment of its creditors and "should be marshaled and administered in this court," that upon final settlement it should be dissolved, and that a receiver "should now be appointed to administer its estate," directs that plaintiff "be and he is hereby appointed receiver of defendant, and empowered and directed to demand and take into his possession all the defendant's assets and property to which it is entitled and to recover the same, to be reduced to money and administered *under the further order of the court,"* with express authority to employ counsel and to bring actions at law or in equity "as he may be advised," and to incur expense necessarily incident thereto.

[1] All italics in this opinion ours.

It will be seen that these statutes do not expressly confer title upon the receiver; that they, at least at first view, suggest generally a court direction and control—an ordinary chancery receivership—and that the order of appointment specifically provides for the administration of the bank's estate, including recoveries by suit, under the court's order.

In Oates v. Smith, 176 Ala. 39, 57 South. 438, which involved the right of a debtor to set off a debt of the bank acquired after its insolvency against a debt due the bank, the court, recognizing the rule that in ordinary cases of receivership the receiver gets no title to the debtor's assets, passed by the question whether the receiver was vested with the legal title, basing its decision upon the trust-fund nature of the assets of the insolvent bank, which of itself forbade such set-off.

In Montgomery Bank & Trust Co. v. Walker, 181 Ala. 368, 61 South. 951, which involved the power of the superintendent of banks, under section 10 of Act No. 84 of the General Acts of Alabama of 1911 (in effect when the instant receivership was created) to maintain suit to avoid a fraudulent transaction made by the bank's officials, the court cited National Bank v. Kennedy, 17 Wall. 19, 21 L. Ed. 554, as asserting the power of a receiver under the National Bank Act, "as statutory assignee," to collect the assets of the bank; but the opinion contains no suggestion that the superintendent of banks was in fact such assignee. On the contrary, in asserting the constitutionality of the act, as against an alleged lack of due process, the court expressly said (page 378 of 181 Ala., page 954 of 61 South.) that it did not "understand the act as making this proceeding operate as a change in the ownership or legal title to the property, but the superintendent is in reality a receiver, who takes charge of the bank for the benefit of the stockholders, depositors, and other creditors."

In the later case of Cobbs, Receiver, v. Vizard Investment Co., 182 Ala. 372, 62 South. 730, Ann. Cas. 1915D, 801, brought under section 3509, supra, for the administration of an insolvent bank, in denying the right of the receiver (for lack of interest in the distribution) to appeal from a decree allowing the claim of a creditor, the court (page 374 of 182 Ala., page 730 of 62 South., Ann. Cas. 1915D, 801) characterized the receiver as "the mere agent of the court for the collection and distribution of the assets of the insolvent corporation under orders of the court which fully protect him," etc., saying (page 375 of 182 Ala., page 731 of 62 South., Ann. Cas. 1915D, 801): "The receiver is the mere creature of the court. He must give heed to his master's voice."

In the still later case of Coffey v. Gay, 191 Ala. 137, 67 South. 681, L. R. A. 1915D, 802, which involved the right of a receiver of an insolvent bank, appointed under section 3560, supra, to appeal from an order in the principal suit denying the liability of stockholders for unpaid subscriptions, the proposition involved in Cobbs v. Vizard Investment Co. was reasserted, and upon the same grounds there announced; the court quoting from the opinion in that case the language above set out, and further saying that "this suit the receiver was without authority to bring until he first obtained permission of the court of his appointment."

True, in the still later case of Hundley v. Hewitt, 195 Ala. 647, 71 South. 419, which involved the right of a receiver of an insolvent insurance company, appointed under section 4552 of the Code, to recover unpaid stock subscriptions (under section 3509, supra, and section 3744), the court, in support of the existence of such power, quoted the definition of the title of the "trustee in bankruptcy" as contained in Cartwright v. West, 173 Ala. 202, 55 South. 917, and expressed (page 654 of 195 Ala., page 422 of 71 South.) the opinion that:

"The receiver appointed in this case, acting under orders of the court appointing him—a court of competent jurisdiction, with full power to settle the affairs of the dissolved corporation—has rights and duties of a kindred character to those of a trustee in bankruptcy, *so far as the question here concerned is involved.*"

But we find nothing in the opinion asserting that the receiver holds title to the property of the insolvent bank; the implications are all to the contrary.

The instant case is readily distinguishable from cases relied upon by plaintiff. In Relfe v. Rundle, 103 U. S. 222, 26 L. Ed. 337, the "temporary agent and receiver" of the insurance company (page 223 of 103 U. S., 26 L. Ed. 337) was held (page 225 of 103 U. S., 26 L. Ed. 337) to be "the statutory successor of the corporation for the purpose of winding up its affairs." In Bernheimer v. Converse, supra, and in Converse v. Hamilton, supra, it was held that under the Minnesota statute, as interpreted by the Supeme Court of that state, as well as by the Supreme Court of the United States, "the receiver is not the ordinary chancery receiver or arm of the court appointing him, but a quasi assignee, and a representative of the creditors." And see Courtney v. Croxton (C. C. A. 6) 239 Fed. 247, 249, 152 C. C. A. 235.

In Howarth v. Lombard, 175 Mass. 570, 56 N. E. 888, 49 L. R. A. 301, the bank's receiver, which the Washington court (whose statute was involved) called a "quasi assignee for creditors," was declared by the Massachusetts court (page 579 of 175 Mass., page 888 of 56 N. E., 49 L. R. A. 301) to be "the owner of the legal title to this fund as a trustee for the creditors." In Howarth v. Angle, 162 N. Y. 179, 56 N. E. 489, 47 L. R. A. 725, the Washington statute was similarly construed.

There is a marked, and not unnatural, tendency in the courts in favor of the construction, where possible, of statutory proceedings for the dissolution of corporations (as distinguished from ordinary creditors' suits) as vesting in the receiver the title to corporate assets (in Mining Co. v. Harris, supra, the receiver was appointed in a creditors' suit); and were it not for the decisions in Bank v. Walker, supra, Cobbs v. Investment Co., supra, and Coffey v. Gay, supra, such construction of the Alabama statute would present less difficulty. But this construction seems impossible without disregarding these three decisions, and in the face of the fact that neither of the other Alabama decisions cited contains anything necessarily inconsistent with the holdings in the three cases mentioned. In so saying, we have not overlooked the fact that in Cobbs v. Investment Co. and Coffey v. Gay the orders sought to be appealed from were made in the court of principal administration.

We are thus constrained to hold that the Alabama statute confers upon the receiver in the instant case no title to the bank's assets, and thus no right to maintain the instant suit; for (as said in Gt. Western Mining Co. v. Harris, supra, in which the appointing court had authorized the action by the receiver), in the absence of statutory authority therefor, the receiver's right "to sue in a foreign jurisdiction is not recognized upon principles of comity, and the court of his appointment can clothe him with no power to exercise his official duties beyond its jurisdiction. The ground of this conclusion is that every jurisdiction, in which it is sought by means of a receiver to subject property to the control of the court, has the right and power to determine for itself who the receiver shall be, and to make such distribution of the funds realized within its own jurisdiction as will protect the rights of local parties interested therein, and not permit a foreign court to prejudice the rights of local creditors by removing assets from the local jurisdiction without an order of the court or its approval as to the officer who shall act in the holding and distribution of the property recovered." Page 576 of 198 U. S., page 774 of 25 Sup. Ct., 49 L. Ed. 1163.

[3] It follows that in the present state of the record the defendant is entitled to a dismissal of the suit, notwithstanding its apparent failure to call to the attention of the court below the proposition on which our decision is based; for, if plaintiff had no title and no right of action in the court below, that court was without power to render decree in his favor. See Gt. Western Mining Co. v. Harris, supra, at pages 577, 578 of 198 U. S., at page 770 of 25 Sup. Ct., 49 L. Ed. 1163. A defense that plaintiff has no title to the asserted right of action is always open.

A disposition by this court of the appeal without determination of the merits is unfortunate, and it is with reluctance that we have reached the conclusion that there is no escape from it. But lack of title in plaintiff is not a mere "technicality," in the ordinary meaning of that term, for there is always, theoretically at least, a possibility that defendant may be subjected to further suit by the owner of the title and right of action. The present difficulty could readily have been avoided by ancillary receivership, and the dismissal of the case will not necessarily preclude further proceedings. Whether an ancillary receivership, and an ancillary bill thereunder, would save the present suit from dismissal, we need not decide. See Coal & Iron Co. v. Reherd (C. C. A. 4) 204 Fed. 859, 882, 123 C. C. A. 155. Such a question, if presented, would properly be addressed to the court below; and counsel have not been heard upon it here.

The decree of the District Court is reversed, and the record remanded to that court, with directions to take further proceedings not inconsistent with this opinion.