Modified.

### GOOD v. DERR.
### No. 4327.

Circuit Court of Appeals, Seventh Circuit.
Jan. 10, 1931.

James E. Trask, of St. Paul, Minn., N. O. Varnum, of Hudson, Wis., and Oscar Hallam, of St. Paul, Minn., for appellant.

Myron Stevens, Frank A. Ross, William H. Spohn, and William R. Bagley, all of Madison, Wis., for respondent.

Before EVANS and SPARKS, Circuit Judges, and FITZHENRY, District Judge.

SPARKS, Circuit Judge.

Appellant filed this action against appellee to enforce a superadded stockholder's liability.

It was alleged in the amended complaint that Interstate Securities Company (hereinafter referred to as the company) was incorporated under the laws of South Dakota on December 10, 1913, for the general purpose of conducting an investment and brokerage business, with its principal place of business at Sioux Falls, S. D. That at the time of the incorporation the sixth subdivision of the articles contained the following provision:

"The holders of which common stock shall be liable thereon for the debts of the corporation to the extent of any amount remaining unpaid upon the stock held by them, and also to the extent of an additional amount equal to the par value of the common stock held by them, each shareholder being liable for an amount equal to the par value of such common stock held by him in addition to the unpaid part of any of the stock held by him.

* * * The directors shall have the power, if in their judgment it becomes necessary, to make assessments on the holders of the common stock and to enforce the superadded liability thereon."

That on August 1, 1922, appellee became, and has ever since been, the owner of 140 shares of the common stock of said corpora tion of the par value of $14,000, which was fully paid. That in August, 1922, the company defaulted on certain bonds held by one Breese, who thereupon commenced an action in South Dakota against the company, securing in due course a default judgment for the amount due him. After an execution had been returned unsatisfied, Breese, on behalf of himself and all the creditors of the company, commenced a sequestration action in South Dakota against it. Upon its failure to file answer, and after service of notice on the company of motion for judgment, a default judgment was taken against it in the sequestration action.

The amended complaint in the instant case fully sets out the issues which were presented, submitted to, considered, and determined by the South Dakota court at the hearing on said motion for judgment.

The court in the sequestration action found, as alleged in the complaint, that the company was insolvent; that the only assets of the company were, first, the superadded liability of the 1,500 shares of common stock then outstanding, and, second, the balance due on the unpaid purchase price of common and preferred stock, the total amount of these assets being insufficient to pay all of the liabilities of the company.

With regard to the superadded stockholder's liability, the court found that this liability was a contractual liability of all the stockholders to the creditors, and that such liability was an asset owned by the receiver appointed therein.

The judgment provided that appellant be appointed receiver of the company with the usual powers and directions, and with "all the powers of a receiver under the statute, and with all the power of a receiver in equity, and with power to bring and defend actions in the name of said company, or in his own name." The court then levied an assessment of $100 on each share of common stock outstanding, and directed the receiver to sue all common stockholders wherever such stockholders might be found, whether in South Dakota or elsewhere, to enforce the same.

Appellant qualified as receiver. The South Dakota court required creditors of the company to present their claims and directed that notice be sent to all the creditors, and on September 10, 1928, claims in excess of the total assets as above set forth were allowed.

Both the complaint in the sequestration action and the amended complaint in the instant action allege that each and all the owners of the common stock took and acquired the same with notice and knowledge of the superadded liability referred to in the articles of incorporation, and that the creditors gave to the corporation credit in reliance upon said liability.

The District Court sustained, for want of facts, appellee's demurrer to appellant's amended complaint, and, upon failure to plead over, judgment was entered dismissing the complaint. In rendering this judgment it was the theory of the court that the stockholders are bound by the judgment of the South Dakota court in determining the insolvency of the corporation, the necessity for assessments, their amount, and the liability of the stockholders to assessment; but that the superadded liability of the stockholders is not an asset which is owned by the receiver, and hence he is without authority to maintain the action, and for this reason alone the District Court sustained the demurrer.

■■ The question presented for consideration is whether or not appellant, receiver of a South Dakota corporation and appointed by a court of that state, is invested with extraterritorial power to maintain the action in Wisconsin. Whatever authority a receiver of a corporation has in this connection is derived from the laws of the state which is the domicile of the corporation. It is settled law of the federal courts that a chancery receiver has no title to the property in his possession, and hence has no power whatever to maintain an action in a state other than that in which his appointment is made. He is strictly a creature of the court which appointed him, and his jurisdiction cannot exceed that of the court which created him. Sterrett v. Second Nat. Bank, 248 U. S. 73, 39 S. Ct. 27, 63 L. Ed. 135.

■ Many of the states have enacted statutes authorizing the appointment of receivers, and by such enactments have clothed such receivers with far greater power than that possessed by those appointed by chancery courts. Thus we have statutory receivers as distinguished from chancery receivers; but this distinguishing feature does not of itself determine the receiver's right to sue in a foreign jurisdiction. This right depends entirely upon whether or not the statute gives him

the power. What is a sufficient power for this purpose has been well settled as being a title to the property vested in the receiver as assignee or as statutory successor of the insolvent corporation. Sterrett v. Second Nat. Bank, 248 U. S. 73, 39 S. Ct. 27, 63 L. Ed. 135; Converse v. Hamilton, 224 U. S. 243, 32 S. Ct. 415, 56 L. Ed. 749; Bernheimer v. Converse, 206 U. S. 516, 27 S. Ct. 755, 51 L. Ed. 1163; Great Western Mining & Mfg. Co. v. Harris, 198 U. S. 561, 25 S. Ct. 770, 49 L. Ed. 1163.

Where the statute under which the appointment was made confers such title on the receiver, he may sue as of right in the courts of the foreign jurisdiction, and such foreign courts will, in respect to such question of title, accept the construction put upon the statute by the highest court of the state in which the receiver was appointed. Sterrett v. Second Nat. Bank (C. C. A.) 246 F. 753, 3 A. L. R. 256; Sterrett v. Second Nat. Bank, 248 U. S. 73, 39 S. Ct. 27, 63 L. Ed. 135. Neither the highest court of the state nor the trial court can declare such power to exist where it clearly does not exist. If the powers of receivers are to be enlarged in such wise as to give them authority to sue beyond the jurisdiction of the appointing court, such extension of authority must come from legislation and not from judicial action. Great Western Mining & Mfg. Co. v. Harris, 198 U. S. 561, 25 S. Ct. 770, 49 L. Ed. 1163; Sterrett v. Second Nat. Bank, 248 U. S. 73, 39 S. Ct. 27, 63 L. Ed. 135. If therefore there are pertinent statutes of South Dakota reasonably susceptible of an interpretation which places title to the property in the receiver and thus authorizes him to sue in a foreign jurisdiction, and if such interpretation has been adopted by the Supreme Court of South Dakota, or not otherwise decided, then appellant must prevail in this contention, otherwise not.

Section 2479, Rev. Code S. D. 1919, reads as follows:

"The receiver has, under the control of the court, power to bring and defend actions in his own name as receiver, to take and keep possession of the property, to receive rents, collect debts, to compound for and compromise the same, to make transfers, and generally to do such acts respecting the property as the court may authorize."

Section 2704 provides that the judge may also, by order, appoint a receiver of the property of the judgment debtor in the same manner and with the like authority as if the appointment were made by the court according to section 2475, Rev. Code S. D. 1919.

Section 2705 is as follows:

"Whenever the judge shall grant an order for the appointment of a receiver of the property of the judgment debtor, the same shall be filed in the office of the clerk of the court where the judgment upon which the proceedings are taken was obtained; and said clerk shall record the order in a book to be kept for that purpose in his office, to be called 'Book of Orders Appointing Receivers of Judgment Debtors,' and shall note the time of filing said order therein. A certified copy of said order shall be delivered to the receiver named therein, and he shall be vested with the property and effects of the judgment debtor from the time of the filing and recording of the order as aforesaid. The receiver of the judgment debtor shall be subject to the direction and control of the court in which the judgment was obtained upon which the proceedings are founded."

It is true that section 2479 is one of the sections of the article "Of Receivers," and sections 2704 and 2705 are a part of the statute providing for proceedings supplementary to judgment, but they have been enacted together as one act, without substantial change, in the Revised Codes of the Territory of Dakota since 1877, and they have been perpetuated and brought forward to date in the codes of both South and North Dakota. We see no reason why they should not be considered pari materia and construed with reference to each other.

Nor can we believe that it was the legislative intention of South Dakota to invest certain of its receivers with powers different from those granted to other receivers, especially where similar and kindred matters are involved. It was held in Brynjolfson v. Osthus, 12 N. D. 42, 96 N. W. 261, that upon the appointment of a receiver of an insolvent corporation the title and right of possession of its property passes by operation of law to the receiver as an officer of the court. In South Bend Toy Mfg. Co. v. Pierre Fire & Marine Ins. Co., 4 S. D. 173, 56 N. W. 98, 99, which was an action in the nature of a creditor's bill to reach and apply concealed assets and misappropriated property, the court said:

"We think, however, that, when the receiver was appointed * * * the right and duty of bringing such action passed to him. * * * Creditors might ordinarily bring this action, but, when the receiver was

appointed, he became as to such cause of action their legal representative."

Neither of these cases, however, involved the recovery of a stockholder's superadded liability, but they do sense the policy of those states with relation to the powers generally of a receiver appointed under their statutes; and we think the interpretations are rational and reasonable conclusions based upon the statutes as above set forth.

It is appellee's contention that the superadded liability of a stockholder is not an asset of the corporation but belongs exclusively to the creditors, and they alone have the right of action. The case of Howarth v. Lombard, 175 Mass. 570, 56 N. E. 888, 49 L. R. A. 301, was an action brought by the receiver of a bank in the state of Washington to recover the amount of an assessment for superadded stock liability laid by the superior court of that state upon the defendant as a stockholder. The Constitution and statutes of Washington imposed such liability but provided no means of enforcing it; hence the courts of that state prescribed the method, which is by a receiver. The court used this language:

"It will be seen that there is no language which in express terms gives the creditors the immediate or any right of action. The liability is not on, but for, the contract, debt, or agreement. The liability so provided is in addition to that flowing directly from the holding of stock which has not been fully paid for. The latter, in event of the insolvency of the corporation, is held to be a trust fund for creditors, and there is no good reason why the same should not be held as to the former. No satisfactory reason can be given for holding one to be a trust fund and the other not to be. There is no principle by which the two classes of liability can be distinguished other than that one is primary and the other secondary; for while it is true that one can be enforced by the corporation itself, and the other only by creditors, yet they were both created for the benefit of the corporation in carrying on its business, and to secure to creditors the payment of its obligations. If the liability which is clearly primary must be treated as a trust fund for the benefit of all of the creditors of the corporation, greater reason exists why a liability which is secondary only, and created entirely for the benefit of the creditors, should likewise be treated as such trust fund."

The Supreme Court of Washington holds that the superadded liability cannot be enforced directly by individual creditors, but only by a receiver duly appointed, and it does so without any constitutional or legislative provision to guide or impel them. Wilson v. Book, 13 Wash. 676, 43 P. 939; Watterson v. Masterson, 15 Wash. 511, 46 P. 1041.

In the instant case the provision of the articles of incorporation which creates the superadded liability is quite like that created by the Constitution and the legislative enactment of Washington. Likewise there is no method prescribed by the Legislature for its enforcement. The promise is nowhere made directly to the creditors, but the provision merely states that the holders of the common stock shall be liable thereon for the debts of the corporation to the extent of any amount remaining unpaid upon the stock held by them, and also to the extent of an additional amount equal to the par value of such common stock so held by them.

As a further guide in the determination of appellant's right to maintain this action, and as expressive of stockholder's intention with relation thereto, there is this further provision in article sixth:

"The directors shall have the power, if in their judgment it becomes necessary, to make assessments on the holders of the common stock and to enforce the superadded liability thereon."

Having made this agreement by accepting the stock, we think appellee is in no position to deny the right to maintain the action on the part of the receiver, who has succeeded to all the rights of the directors by operation of law; and especially is this true in view of the fact that no creditor is objecting.

We think the South Dakota statutes can be fairly and reasonably construed as vesting title in the receiver, as statutory successor of the insolvent corporation, of the fruits of the superadded liability, in such wise as to authorize this action; and this view is supported by the opinion, so far as it is applicable, of South Bend Toy Co. v. Pierre Fire & Marine Ins. Co., supra. To hold otherwise would be at least inconsistent with that opinion.

Appellee relies largely on the case of Sterrett v. Second Nat. Bank, 248 U. S. 73, 39 S. Ct. 27, 63 L. Ed. 135, as being contrary to this view, but we think it is not. The Supreme Court merely followed Alabama's construction of its own statute. It affirmed the decision of the Sixth Circuit in Sterrett v. Second Nat. Bank, 246 F. 753, 757, 3 A. L. R. 256. In this latter decision the following language is used:

"There is a marked, and not unnatural, tendency in the courts in favor of the construction, where possible, of statutory proceedings for the dissolution of corporations (as distinguished from ordinary creditors' suits) as vesting in the receiver the title to corporate assets; * * * and were it not for the decisions in Bank v. Walker [181 Ala. 368, 61 So. 951], supra, Cobbs v. Investment Co. [182 Ala. 372, 62 So. 730, Ann. Cas. 1915D, 801], supra, and Coffey v. Gay [191 Ala. 137, 67 So. 681, L. R. A. 1915D, 802], supra [Alabama cases], such construction of the Alabama statute would present less difficulty. But this construction seems impossible without disregarding these three decisions. * * * "

Whether or not the decision of the trial court in South Dakota in appointing the receiver—to the effect that the superadded liability of the stockholders is an asset owned by the receiver—was germane to the issue is immaterial. If this is the law of South Dakota, and we think it is, it would make no difference whether or not the trial court mentioned that fact in its decree. It could neither add to nor detract from the rights and powers of the receiver as defined by the statutes and interpreted by the decisions of the Supreme Court of South Dakota.

▆ Appellee further contends that the incorporators of a South Dakota corporation do not have the power to create a superadded stockholder's liability except when specifically directed by law, and that there is no law in that state authorizing or directing such creation except as to banking corporations. He bases this contention upon the following portion of section · 8779, Rev. Code 1919 South Dakota:

"Each stockholder of a corporation is individually and personally liable for the debts of the corporation to the extent of the amount that is unpaid upon the stock held by him. * * * The liability of each stockholder is determined by the amount unpaid upon the stock or shares owned by him at the time such action is commenced, and such liability is not released by any subsequent transfer of stock. And in no other case shall the stockholders be individually and personally liable for the debts of the corporation."

At the time of this enactment section 3111 of the Compiled Laws of 1887 was in force, which imposed a superadded liability upon stockholders for all debts due mechanics, workmen, and laborers which might be enforced against any stockholder after an execution had been returned not satisfied. This latter act was repealed by the former. Busby v. Riley, 6 S. D. 401, 61 N. W. 164.

In the earliest statutes of the territory of Dakota upon the subject of stockholders' liability are sections 423 to 429, and 441, of chapter 3, art. 6, Rev. Civ. Code 1877. They have been since that time, and are now, in force, and are sections 8795 to 8801, and 8813, Rev. Code S. D. 1919. Section 8795 is as follows:

"The directors of any corporation formed or existing under the laws of this state, after one-fourth of its capital stock has been subscribed, may, for the purpose of paying expenses, conducting business or paying debts, levy and collect assessments upon the subscribed capital stock thereof, in the manner and form and to the extent provided in this article."

Section 8813 provides that the directors may waive proceedings to collect assessments by sale of stock, and may elect to proceed by action to recover the amount of the assessment and costs and expenses.

These sections were adopted from California in 1877, and as early as 1870 had been construed by that state as authorizing assessments upon fully paid stock. Sullivan v. Triunfo Min. Co., 39 Cal. 459; Santa Cruz R. R. Co. v. Spreckles, 65 Cal. 193, 3 P. 661, 802. When statutes which have been construed by the courts of the state in which they originated are adopted by another state, they are deemed to have been adopted with the construction so given them. Willis v. Eastern Tr. & Bk. Co., 169 U. S. 295, 18 S. Ct. 347, 42 L. Ed. 752; Metropolitan R. R. Co. v. Moore, 121 U. S. 558, 7 S. Ct. 1334, 30 L. Ed. 1022.

Section 8761, Rev. Code of South Dakota for 1919, provides that: "Such articles of incorporation may: * * * 3. Except where otherwise specially provided, limit the liability of each stockholder to the amount remaining unpaid on his capital stock." This section is now in force and has been since 1919, and we think it is not inconsistent with section 8779.

The District Court was warranted in holding that the incorporators not only were not prohibited from charging themselves and subsequent owners of stock with a superadded liability, but that they were authorized to do so. The provision in section 8779 which restricts the liability of the stockholders to the amount unpaid on the stock held by them was never intended to, and does not, prevent the incorporators or the stockholders, by

unanimous agreement, from assuming a greater liability for the benefit of their credit and their creditors. No one, we suppose, would question their right to do this by unanimous agreement after incorporation, and there can be no valid reason why it cannot be done before. The cases cited by appellee on this point are those in which a majority of the stockholders, or the directors, attempted to create a superadded liability over the objection of minority stockholders. This the statute prevents. In the case of Harris v. Northern Blue Grass Land Co. (C. C.) 185 F. 192, 194, Judge Sanborn uses this language:

"It scarcely needs judicial authority to the proposition that stockholders can agree that an assessment can be levied on their stock; that they may voluntarily assess themselves for the betterment of the corporation * * *; and that even a statute prohibiting assessments on fully paid stock could not prevent the stockholders themselves from making a valid contract for an additional assessment."

We think the complaint is sufficient to withstand the demurrer on the grounds presented.

Judgment reversed, with instruction to overrule appellee's demurrer to the complaint.