KIRKPATRICK v. EASTERN MILLING & EXPORT CO. (3.)

(Circuit Court, D. New Jersey. February 18, 1905.)

No. 57.

1. RECEIVERS—RIGHT OF APPEAL—ORDERS NOT AFFECTING ESTATE.

Receivers for an insolvent corporation are not entitled to appeal from an order of the court by which they were appointed directing them to deliver to an intervener certificates of stock of the corporation which have come into their hands, but are admittedly worthless; the receivers not being affected personally and the corporate estate having no rights to protect.

2. SAME—OTHER PARTIES AFFECTED.

But other parties joined as respondents in a petition to have certain certificates of stock in the hands of the receivers turned over in order that suit may be brought against them upon an underwriting agreement subscribing for bonds to which the stock was to be a bonus, are entitled to have the action of the court making such order reviewed by appeal.

3. BAIL ON APPEAL—SUPERSEDEAS—CONSIDERATIONS GOVERNING—RISK OF DELAY.

To make such appeal a supersedeas, however, substantial bail should be given. Where, therefore, as the result of the appeal, the appellees will be prevented from bringing suit pending it, while double the amount of the indebtedness for which the appellants may be ultimately found liable—some $25,000 in this case—will not be required so as to call for a bond of $50,000, *held*, under all the circumstances, that one of $8,000 should be given; this being to secure against the risk of delay and the possible loss resulting therefrom.

In Equity. Sur petition of Corn Exchange National Bank, and application of respondents for leave to appeal from the order of the court thereon.

Burr, Brown & Lloyd, for the application.
H. Gordon McCouch and Samuel Dickson, contra.

ARCHBALD, District Judge.[1] Except as it is expressly agreed to submit to me the question whether the receivers have the right, and should be permitted, to appeal from the order of court by which they were directed to turn over to the petitioning bank the certificates of stock in their hands, I should not undertake to pass upon it, allowing the appeal pro forma, and leaving the matter to be disposed of by the higher court, on motion to dismiss. But as it is now put, I cannot refuse to decide the point, and, upon due consideration, I do not see that the appeal will lie. The receivers are not affected personally by the order, and have no ground to appeal upon that score. But conceding that, as was decided in Bosworth v. Terminal Railroad, 174 U. S. 182, 19 Sup. Ct. 625, 43 L. Ed. 941, a receiver may defend, both in the court appointing him and by appeal, the estate in his hands against all claims which are antagonistic to the rights of either or both parties to the suit in which he has been appointed, so far as such action does not run counter to conditions imposed by the court in its discretion, nothing

[1] Specially assigned.

of that kind is presented here. Admittedly, the certificates of stock are intrinsically worthless, and the only importance they have is that their possession by the bank is a technical prerequisite to beginning suit on the underwriting agreement. It is over this that the battle is waged, the subscribers seeking to keep the certificates out of the hands of the bank, and the bank making every effort to obtain them, in order, to perfect their claim. Outside of these immediate parties, it is of no concern to any one which succeeds, and the receivers are not warranted, therefore, in intervening. They are at the most mere stakeholders, and should remain indifferent. That was the position they took in their answer, and is the one which they should maintain.

With the other respondents, however, it is materially different. Having been admitted to come in and be heard, if they consider that their rights have been prejudiced, they are, prima facie at least, entitled to have the action of the court reviewed. And as their interests are distinct from those of the receivers, who have none, no question of nonjoinder can arise in their taking an appeal alone. It is not clear that this question was intended to be submitted to me, with regard to which counsel take opposite positions in their briefs, but, whether it was or not, I am not prepared to deny the right. The place for that is in the court to which the case is to go.

But if the appeal is not only to be allowed, but to be made a supersedeas, the appellees should be adequately secured. There is always danger in delay, and it is to protect against this hazard that bail on appeal is required. The right of the bank to sue on the underwriting agreement being hung up pending the appeal, it is clearly entitled to something more than security for costs meanwhile. The only question is how much. This is somewhat difficult to determine, and, at best, can only be more or less arbitrarily fixed. The delay incident to an appeal in this instance ought not, in view of the coming term, to be many months, and yet contingencies not now in contemplation may extend it very much beyond that. Assuming that it might run into a year, and that the bank may be kept out of bringing suit that long—although in the end sustained—it can hardly be said that the whole indebtedness for which the underwriting agreement is held as collateral is imperiled thereby, so as to call for a bond of $50,000, double the amount, as is asked. It is not as though the bank now had judgment against the appellants, fixing their obligation to it, on which execution could at once go out. There is still much litigation to ensue before that point will in any event be reached, and, as the appellants claim to have a complete defense when the time comes, it may never be. But the risk of delay is something, and, such as it is, must be borne by those to whom it is accorded. The other side is therefore entitled to a bond of some magnitude to fall back upon in case it results to their loss. All things considered, $8,000 seems to me none too much to ask, and that is the amount I will fix, this being substantial without being unduly restrictive. The bank is not likely to be damaged beyond it by being put off, and the parties to the underwriting agreement will only be answerable for the actual loss,

within that amount, directly shown to have resulted from the taking of the appeal.

The petition of the receivers for leave to appeal is denied; that by the other respondents is allowed; bond in the sum of $8,000, with sufficient sureties, to be entered in order to make the same a supersedeas.