494

**DES ARC & POWHATAN BRIDGE CO. v.
AUSTIN BRIDGE CO.**

**BUTLER v. BOVAY et al.**

**Nos. 10983, 10984.**

Circuit Court of Appeals, Eighth Circuit.

Jan. 28, 1938.

H. B. Solmson, Jr., of Little Rock, Ark. (J. W. House, of Little Rock, Ark., on the brief), for appellants.

M. B. Solomon, of Dallas, Tex. (Turner, Rodgers & Winn, of Dallas, Tex., and Sam Rorex and Leon B. Catlett, both of Little Rock, Ark., on the brief), for appellees.

Before GARDNER, SANBORN, and THOMAS, Circuit Judges.

GARDNER, Circuit Judge.

There are here two appeals. The appeal in No. 10,983 is from a judgment of dismissal entered in Des Arc & Powhatan Bridge Company v. Austin Bridge Company, which is a law action, dismissing the action on the merits on motion of the Austin Bridge Company. The appeal in No. 10,984 is from an order denying petition of R. C. Butler, receiver, for an order authorizing him to carry on and prosecute the law action in No. 10,983, entitled Des Arc & Powhatan Bridge Company v. Austin Bridge Company, instead of the plaintiff therein, the title and right of the plaintiff having vested in said receiver subsequent to the commencement of that action. Because the cases are so interrelated that each is dependent to a greater or less extent upon the other, they were on stipulation of counsel consolidated for purpose of argument and will be disposed of in one opinion.

It seems more convenient to consider first the appeal in the equity suit, No. 10,984. While the history of this litigation is somewhat involved, we think it unnecessary to retrace the tortuous route by which the issue in that case has reached this court. It seems sufficient for the purpose of this opinion to state that R. C. Butler was appointed receiver in a suit entitled H. G. Townsend, as trustee, v. White & Black Rivers Bridge Company et al., which was a mortgage foreclosure suit. As such receiver, he was directed to take possession of all the assets and property of the White & Black Rivers Bridge Company of every kind and character, and to continue to operate the business of that company until the further order of the court. Subsequent to his appointment, he filed a petition setting out that he had succeeded to a cause of action against the Austin Bridge Company by virtue of his appointment as receiver for the White & Black Rivers Bridge Company; that suit on this cause of action was then pending, entitled

Des Arc & Powhatan Bridge Company v. Austin Bridge Company; that the action was brought for damages on account of faulty construction on the part of the Austin Bridge Company. He asked for an order authorizing him to carry on that litigation "in the stead of Des Arc & Powhatan Bridge Company." There was submitted at the same time a motion to dismiss the action brought by Des Arc & Powhatan Bridge Company against the Austin Bridge Company, and apparently both matters were taken under advisement by the court.

In its order denying the receiver's motion to be substituted as a party plaintiff in the law action, it is recited that:

"And, it appearing to this Court that the petition of said receiver to be substituted as party plaintiff should be denied, for the reason that it appears to this Court that a motion filed in said case at law upon behalf of defendant, Austin Bridge Company, to dismiss said cause should be, and this day has been, allowed by this Court, sitting as a court of law. Said receiver, however, should be granted permission to institute a new suit at law against Austin Bridge Company, if he sees fit."

At the very threshold of the consideration of these appeals, we are confronted with a challenge to the jurisdiction of the court. The order denying the receiver's application for authority to intervene and prosecute the law action was manifestly not a final order within the purview of title 28 U.S.C.A. § 225, nor was it appealable as an interlocutory order or decree under title 28 U.S.C.A. § 227. Martin v. Partridge, 8 Cir., 64 F.2d 591. The order appealed from was an administrative one.

The Circuit Court of Appeals of the Seventh Circuit, in New York Security & Trust Co. v. Illinois Transfer R. Co., 104 F. 710, in discussing the appealability of a similar order, said:

"This appeal is from an order granting leave to sue in a state court a receiver appointed by the United States circuit court. The order was made after the suit was brought, and entered nunc pro tunc as of a date prior to the bringing of the suit. Whether for that reason it was invalid, we do not consider. Such an order is discretionary and administrative, and therefore, in the opinion of the court, is not appealable."

See, also, Porter v. Sabin, 149 U.S. 473, 13 S.Ct. 1008, 37 L.Ed. 815; Hunt v. Illinois Central R. Co., 7 Cir., 96 F. 644.

The appeal in No. 10,984 must, therefore, be dismissed, and it is so ordered.

Turning now to the appeal in No. 10,983, counsel for appellant in their brief say:

"Appellant here is in the peculiar position of having to admit that it has no title to the chose in action against appellee."

As the proceedings which culminated in the order or decree determining that the Des Arc & Powhatan Bridge Company had no title to the chose in action forming the basis of its suit against the Austin Bridge Company are not here subject to review, we find it unnecessary to encumber the record with a recital of them. It being admitted that the plaintiff in that action did not have even color of title to the alleged cause of action, it could not maintain the litigation. As said by this court in Mackay v. Randolph Macon Coal Co., 8 Cir., 178 F. 881, 884: "Parties to a contract cannot confer upon a third party the naked right to sue thereon."

Plaintiff, who has no interest of any kind in an action, cannot, of course, maintain it. To entitle a party to maintain an action, he must have a right to be enforced or a wrong to be prevented or redressed.

The judgment of dismissal appealed from in No. 10,983 is therefore affirmed, and the causes are remanded to the lower court for such proceedings as may be appropriate, not inconsistent with this opinion.