380 P.2d 606

**Franklin J. STOWELL, Superintendent of Banks of the State of Arizona, Appellant,**

**v.**

**ARIZONA SAVINGS AND LOAN ASSO-CIATION, an Arizona corporation, et al., Appellees.**

**No. 7871.**

Supreme Court of Arizona,

En Banc.

April 11, 1963.

Rehearing Denied June 4, 1963.

David J. Perry and Ralph G. Smith, Jr., Phoenix, for appellant.

Hill, Savoy & Mitchell, by John E. Savoy, Phoenix, for appellees.

PER CURIAM.

This is a motion to dismiss an appeal. Appellant is the Superintendent of Banks of the State of Arizona. He is serving as statutory receiver of appellee Arizona Savings and Loan Association pursuant to A.R.S. § 6–422 et seq.[1]

On November 13, 1962, the trial court entered an order awarding one John E. Savoy attorney's fees of $7,000.00 for services to the Arizona Savings and Loan Association. Appellant filed a notice of appeal from this order, but did not get authority from the trial court to take the appeal. He states that because a motion of appeal was filed with the clerk of the superior court there is an inference that the lower court did not object as the court could have directed appellant to discontinue the appeal.

The general rule is that a receiver may not ordinarily appeal without first obtaining authority of the court appointing him, Hatten v. Vose, 10 Cir., 156 F.2d 464. The theory behind this is that the receiver is a ministerial officer of the court appointing him and may act only subject to its order, Sawyer v. Ellis, 37 Ariz. 443, 295 P. 322. Appellant concedes that generally it is necessary to have permission of the court in order for a receiver to appeal from a decision of the court but contends that because in this case the receivership exists pursuant to statute the receiver's status differs from that of a common law or equity receiver. He has furnished this court with an affidavit in which it is alleged that the trial judge stated that as the question of attorney's fees in such actions had not been decided by this court it would be advisable for one of the parties to appeal the matter since the question might come up in the future. Affiant stated that the trial judge told him orally that he had no objection to an appeal being filed by the receiver.

A.R.S. § 6–424 contemplates that a petition for receivership filed in the name of the superintendent of banks pursuant to A.R.S. § 6–423 will be granted only by order of the superior court. The statute merely states who the receiver shall be. It does not restrict the power of the court over the receiver, nor establish a different status from that of a common law receiver. cf. Sawyer v. Ellis, supra. We are of the opinion that the function of the superintendent of banks as a receiver under § 6–422 et seq. is wholly ministerial.

As the appellant did not first obtain the authority of the trial court to appeal he may not do so. Neither an affidavit such as was filed in this case nor the filing of a notice of appeal are sufficient to establish as a fact that the trial court authorized the prosecution of this appeal.

Appeal dismissed.

1. Now appearing as amended Laws of 1960 in almost identical words as 6–480 et seq.

BERNSTEIN, C. J., UDALL, V. C. J., and STRUCKMEYER and JENNINGS, JJ., and LAURANCE T. WREN, Superior Court Judge, concur.

NOTE: Justice LOCKWOOD, having disqualified herself, the Honorable LAURANCE T. WREN, Judge of the Superior Court of Coconino County, Arizona, was called to sit in her stead and participate in the determination of this appeal.