[No. 4438–II.   Division Two.   November 4, 1980.]

HERMAN H. GINSBERG, ET AL, *Respondents,* v. ARCHIE S. KATZ, ET AL, *Appellants,* VIRHO COMPANY, ET AL, *Respondents.*

HERMAN H. GINSBERG, ET AL, *Respondents,* v. MALCOLM D. KATZ, ET AL, *Appellants.*

*William D. Cameron,* for appellants.

*Byron D. Coney, Peter S. Lewicki,* and *Laurence E. Mason,* for respondents.

PETRIE, J.—The issues presented in this appeal of 18 orders entered in consolidated actions in Superior Court for

King County arose in the aftermath of a real estate partnership dissolution and receivership. As to 10 of those orders, the appeal has been dismissed previously by order of this court, and a petition to review that order has been denied by the Supreme Court. The principals of the partnership, Herman Ginsberg and Archie Katz, have long since settled their dispute.[1] The impetus for this appeal was the trial court's refusal to grant appellant Katz permission to bring suit against the partnership receiver for mismanagement of the estate assets. Essentially, we now review the trial court's orders denying an application for leave to sue the receiver and a motion to transfer proceedings, together with the trial court's orders designating the receiver's costs and attorney's fees incurred in resisting the suit and defending this appeal as receivership expenses payable by appellant Katz. We affirm the trial court's orders and award reasonable attorney's fees on appeal.

In July 1977 the Honorable Peter K. Steere, Judge of the Superior Court for King County, appointed H. Martin Smith receiver to wind up the Ginsberg and Katz real estate partnership. Judge Steere presided throughout the estate administration. At the close of a series of hearings the court entered an order in January 1978 affirming the receiver's activities as of December 31, 1977. Appellant filed an appeal to Division One of the Court of Appeals, but that appeal was subsequently dismissed with prejudice by stipulation of the parties.

In March 1978 Mr. Ginsberg and Mr. Katz entered into a stipulation and agreement settling their partnership claims. Under that agreement Ginsberg relinquished all interest in the partnership property to appellant. Contemporaneously, appellant agreed to assume all the receivership debts and obligations. An order affirming the stipulation reserved the

---

[1]The partnership principals, their marital communities and several real estate corporations are named in the title of this appeal. We will refer to these interests, however, only as Ginsberg or Katz.

issue of attorney's fees for later determination by the trial court.

In April 1978 the receiver transferred the estate assets to appellant following execution of a turnover agreement. The transfer occurred prior to the receiver's submission of a final accounting and discharge. One day prior to the discharge hearing, Katz objected to the receiver's discharge and attempted to sue him for mismanagement of estate assets. Katz filed an application for leave to sue the receiver accompanied by a proposed complaint, alleging the receiver had mismanaged sales and purchases of property and failed to protect and collect rents from income property. Appellant claimed damages of nearly one million dollars.

At the discharge hearing the court noted the unseemly filing of appellant's application and set the issue for argument in December 1978. Because the receiver had returned the assets of the estate to appellant, he was without a source for award of expenses in defending the estate administration against appellant's charges. The court characterized the receiver's cost in resisting appellant's legal attack as receivership expenses payable by appellant under the March 1978 stipulation.

Within days of the discharge hearing appellant attempted to submit the application for leave to sue the receiver to another department of the court by filing a motion to transfer collateral proceedings accompanied by an affidavit of prejudice. In December 1978 the trial court denied the application and the motion, finding that appellant's complaint was "vexatious and unfounded," and the claims were barred by res judicata and collateral estoppel because they related to issues previously litigated and affirmed by the trial court in January 1978.[2] Additionally, the court determined that the costs, including attorney's fees incurred by the receiver in the event of an appeal, were

---

[2]Two claims for receiver's actions which occurred after December 31, 1977, were excepted from the order. Those claims are being pursued in other proceedings.

also receivership expenses payable by appellant.

Initially, we address the trial court's denial of appellant's application for leave to sue. The granting of an application to sue a court–appointed receiver is a discretionary act of the trial court and will not be disturbed absent a showing of abuse of discretion. *Meeker v. Sprague,* 5 Wash. 242, 31 P. 628 (1892). This comports with the general principle of receivership law that the receiver is an officer of the court. The appointing court may prevent another court from questioning its administration of the estate. 2 R. Clark, *Receivers* § 549 (3d ed. 1959). The trial court properly dismissed on grounds of collateral estoppel those counts of the proposed complaint relating to activities prior to December 31, 1977, that were litigated, approved, and confirmed in its January 1978 order. *Bordeaux v. Ingersoll Rand Co.,* 71 Wn.2d 392, 429 P.2d 207 (1967). We find no abuse of discretion in the denial of the application for leave to sue. *Meeker v. Sprague, supra.*

In addressing appellant's motion to transfer collateral proceedings under RCW 4.12.040–.050, we consider the factual background of this case and the general principles of receivership law. The statutes provide in part that a party litigant is entitled, as a matter of right, to a change in judge upon the timely filing of a motion and an affidavit of prejudice against the judge about to hear the cause. We affirm the trial court's denial of the motion on two grounds. First, the motion was filed long after the court made discretionary rulings. Second, the application was not an independent proceeding amenable to transfer under the statute.

It is axiomatic that once a court has made a discretionary ruling in a proceeding, a motion to transfer such proceeding is untimely and must be denied. *State v. Dixon,* 74 Wn.2d 700, 446 P.2d 329 (1968). A basic premise of receivership law is that possession by the court of the res gives that court power to determine all questions concerning the ownership and disposition of property. R. Clark, *Receivers, supra.* Since the estate's inception the trial court

has ruled on the validity of the receiver's acts. Appellant's motion, initiated long after the receiver's appointment and the court's discretionary rulings, was untimely.

■ Appellant suggests that the application for leave to sue is a new and independent proceeding; and, accordingly, it was qualified for transferral as a matter of right on submission of an affidavit of prejudice. Acceptance of this position would erode the effective administration of receiverships. The trial judge, being intimately familiar with the activities of the receiver, is best qualified to address the legitimacy of the estate administration. The motion to transfer was properly denied. *See Dike v. Dike,* 75 Wn.2d 1, 448 P.2d 490 (1968).

■ Appellant contests the trial court's order that he bear the receiver's attorney's fees in defending against the allegations of mismanagement. The allowance of fees to a receiver, a matter peculiarly within the knowledge of the trial court, will not be reversed by a reviewing court except on clear proof of error or a showing of abuse of discretion. *Wroten v. Robbins,* 103 Wash. 393, 174 P. 968 (1918). The cost of defending against unfounded allegations may properly be deemed receivership expenses payable out of the estate. *People v. Riverside Univ.,* 35 Cal. App. 3d 572, 111 Cal. Rptr. 68 (1973).

At the time of the order directing payment of attorney's fees, the estate lacked a res. All property had been returned to appellant following entry of the Ginsberg/Katz stipulation. That stipulation contained two clauses which bear on this issue. First, the appellant was to assume all expenses of the receivership estate including the fees of the receiver's attorneys. Second, any issue respecting the receiver's fees or the fees and expenses of his attorney was reserved and subject to future determination by the trial court.

Principles of collateral estoppel and equity underlay the trial court's denial of the application for leave to sue the receiver. Against this background and the court's inherent power to award fees to the receiver, costs incurred in

defending the suit were properly characterized as receivership expenses. *People v. Riverside Univ., supra.* We find no abuse of discretion.

Appellant's March 1978 agreement to assume receivership expenses, including attorney fees, will not be disturbed. *Snyder v. Tompkins,* 20 Wn. App. 167, 579 P.2d 994 (1978).

Pursuant to RAP 18.1, the receiver has submitted an account of attorney fees to date in defending against this appeal. We need not consider the propriety of the trial court's order which authorized attorney's fees on appeal. Reasonable attorney's fees on appeal are awarded in the amount of $6,000.

Except as modified herein by award of attorney's fees on appeal, all orders of the trial court appealed to this court are affirmed.

REED, C.J., and PEARSON, J., concur.