**INTERLAKE COMPANY, a Utah corporation, Plaintiff,**

v.

**Richard A. VON HAKE, aka R.A. Von Hake, and Utah Farm Production Credit Association, Defendants and Respondents,**

v.

**1ST NATIONAL CREDIT CORPORATION, Applicants for Intervention and Appellant.**

**No. 18648.**

Supreme Court of Utah.

Feb. 1, 1985.

---

H. Ralph Klemm, Salt Lake City, for defendants and respondents.

George E. Brown, Jr., Midvale, for applicants for intervention and appellant.

HOWE, Justice:

This is an appeal from an order of the trial court denying the motion of appellant First National Credit Corporation (First National) that costs and expenses of receivership totaling nearly ten million dollars be taxed as a first lien against the Seeps Ranch located in Kane County, Utah.

Defendant Richard A. Von Hake and First National were adversaries in a related lawsuit involving the sale of Von Hake's Seeps Ranch to First National. Von Hake had executed and delivered a warranty deed and contract of sale on the ranch to First National. Later, he filed an action against First National to nullify the transaction based on fraud and misrepresentation and pleaded rescission and damages as alternate remedies. The instant case was brought by the plaintiff, Interlake Company, to foreclose a mortgage on the ranch. The ranch was sold at a sheriff's sale to First National as the highest bidder. Von Hake subsequently tendered $96,629.15 to the Kane County sheriff to redeem the property. On Von Hake's motion, that sum was ordered held in court pending the resolution of his lawsuit against First National. During the hearing on the motion, the court appointed First National as receiver for the ranch, ordering that "the receiver shall maintain proper accounting records and procedures of its operations and activities on the property for subsequent reporting to the court." Von Hake eventually prevailed in his related action against First National and, having elected damages as his remedy, obtained a judgment for approximately one million dollars in compensatory and punitive damages. First National took clear title to the ranch subject to that judgment in favor of Von Hake.

First National at that point filed its motion to tax costs against the estate with supporting affidavits claiming that as receiver it had expended almost ten million dollars in protecting and preserving the Seeps Ranch for eighteen months. The expenditures covered the drilling of 12 water wells, legal fees for obtaining water rights, conversion of 800 acres of land from ranch to farm property, installation of 7 flood control dams, and later redesigning, rebuilding and shoring up of those dams, construction of an irrigation system comprising underground pipes, an electrical system and above-ground pivots, and the planting and harvesting of wheat on 800 acres of land. Added were costs for equipment leased to perform the work required in farming and irrigation. No authorization for these expenditures was ever obtained from the court. At the conclusion of the related Von Hake-First National lawsuit, the latter became the owner of the property, together with all the improvements made during the receivership period. The trial court denied First National's motion on the ground that the expenditures had been made without court order and were not contemplated by the court when it appointed First National as receiver.

■ We do not address Von Hake's claim that the receivership was void because no bond was filed and no oath taken by the receiver. That issue was not raised below and will not be entertained here. *Barson v. E.R. Squibb & Sons,* Utah, 682 P.2d 832 (1984).

First National's only claim is that the order appointing it receiver did not limit it to costs and expenses authorized by the court and that expenses incurred in administering, preserving and protecting the property should be granted priority over all other liens and claims.

■ A receivership is an equitable matter and is entirely within the control of the court. *Shaw v. Robison,* Utah, 537 P.2d 487 (1975). The appointment of a receiver is governed by Rule 66 of the Utah Rules of Civil Procedure which allows, inter alia, for the appointment of a receiver in an action by a vendor to vacate the fraudulent purchase of property. Utah R.Civ.P. 66(a)(1). A receiver has, under the direction of the court, the power to take and keep possession of property and generally do such acts respecting the property as the court may authorize. Utah R.Civ.P. 66(e). The possession by the court of the res in a receivership proceeding gives the

court the power to determine all questions concerning the ownership and disposition of the property. *Ginsberg v. Katz*, 27 Wash.App. 593, 619 P.2d 995 (1980). The receiver is an officer and arm of the court and acts under the direction and supervision of the court. *Krist v. Aetna Casualty & Surety*, Wyo., 667 P.2d 665 (1983); *Steinberg v. Goldstein*, 129 Cal.App.2d 682, 278 P.2d 22 (1954). As such, he has only very limited powers and should apply to the court for advice and directions. If he acts without court authority, he assumes the risk of liability for costs and expenses incurred. *See Riches v. Hadlock*, 80 Utah 265, 15 P.2d 283 (1932). *See also People v. Riverside University*, 35 Cal. App.3d 572, 111 Cal.Rptr. 68 (1973) (dictum), and *Northern Finance Corp. v. Byrnes*, 5 F.2d 11 (8th Cir.1925). *Cf. Oldroyd v. McCrea*, 65 Utah 142, 235 P. 580 (1925), where the very action here sought to be enforced by First National was held beyond the trial court's powers. The trial court here did not authorize the expenditures made by First National, nor did it ratify them as necessary expenses for the preservation of the receivership estate after they were made. The parties may well have stipulated that First National would have all the power of a receiver, but, as has been shown, that power is not unbridled, but instead is narrowly defined. Consequently, under Rule 66, the order denying receivership costs was well within the discretion of the trial court and will not be disturbed by us on review.

First National also contends it is well established that expenses incurred by the receiver in the administration, preservation and protection of property have priority over any other liens, citing in support *Alexander Dawson, Inc. v. Hydroponics, Inc.*, Utah, 535 P.2d 1251 (1975). That case involved the priority of liens between the plaintiff as a secured creditor and the receiver appointed at the request of the plaintiff. It did not involve the issue of unauthorized acts by a receiver.

We hold that First National was on notice as to its powers as a receiver. When it embarked on the improvements, it acted as a volunteer, and without authority of the court. The actions performed by it in its capacity as a potential owner of the Seeps Ranch did not bind the court in any way.

The order of the trial court is affirmed. Costs are awarded to Von Hake.

HALL, C.J., and STEWART, DURHAM and ZIMMERMAN, JJ., concur.