777 F.2d 1288
 3 Fed.R.Serv.3d 1088
 J. William HOLLAND, Administrator to Collect, Estate of
Matthew C. Thompson, individually and on behalf of
a class of persons similarly situated, Plaintiff,
v.
STERLING ENTERPRISES, INC., John A. Meatte, Kenneth F.
Kortas, Leonard E. Cooper, Cooper-Glowicki
Partnership and DLJ Entities,
Defendants-Appellees.
Appeal of James J. WARD, Receiver.
 No. 84-1897.
 United States Court of Appeals,
Seventh Circuit.
 Argued May 22, 1985.
Decided Dec. 2, 1985.
 
 Alan E. Gitles, Becker & Tenenbaum, Chicago, Ill., for plaintiff.
 Bruce T. Logan, Ash, Anos, Freedman & Logan, Chicago, Ill., for defendants-appellees.
 Before BAUER, COFFEY, Circuit Judges, and CAMPBELL, Senior District Judge.*
 COFFEY, Circuit Judge.
 
 
 1
 The appellant, James J. Ward, the receiver for the Woodcrest Apartments, Ltd., appeals an order of the district court denying his motion to intervene. We dismiss his appeal.
 
 I.
 
 2
 In April 1977, Matthew C. Thompson purchased a limited partnership interest in Woodcrest Apartments, Ltd., ("Woodcrest Apartments") for $10,000. Between April and September 1977, twenty-four other investors also purchased limited partnership interests in Woodcrest Apartments, bringing the limited partners' investment to $250,000. Before purchasing their limited partnership interests, Thompson and the other investors relied on a private offering memorandum ("prospectus") prepared by Kenneth F. Kortas and the general partners in Woodcrest Apartments, Sterling Enterprises, Inc. ("Sterling") and John A. Meatte. The prospectus disclosed that $150,000 of the assets of Woodcrest Apartments was to be contributed to Woodcrest Venture ("Venture"), a limited partnership formed in January of 1977 for the purpose of acquiring, owning and operating six apartment buildings located in Crestwood, Illinois. Sterling and the Cooper-Glowicki Partnership ("Cooper-Glowicki") were the general partners in Venture, and with the $150,000 investment, Woodcrest Apartments possessed a 99% interest in Venture as the sole limited partner. According to the prospectus, Cooper-Glowicki was to build the apartment units and convey them to Venture. Cooper-Glowicki constructed the buildings, but failed to convey the property to Venture as the prospectus represented, allegedly because of a dispute between Sterling and Cooper-Glowicki concerning the apportionment of development costs and the securing of a mortgage for Venture. Despite the fact that Cooper-Glowicki never conveyed the apartment units to Venture, Woodcrest Apartments informed its investors that Venture was progressing in accordance with the representations in the prospectus. In addition, Woodcrest Apartments distributed allegedly false K-1 partnership income tax returns to the limited partners in 1977 and 1978.
 
 
 3
 After Thompson unsuccessfully attempted to obtain a report on the status of the Woodcrest Apartments, Ltd. and its assets from Sterling and Meatte, he commenced this lawsuit in October 1979 in his individual capacity, and on behalf of the class of investors who purchased limited partnership interests in Woodcrest Apartments. The complaint alleged common law fraud and violations of federal securities laws, naming Sterling, Meatte, and Kortas as defendants (the "Sterling defendants"), and requested that a receiver be appointed to prevent the defendants from dissipating the assets of Woodcrest Apartments, Ltd. The district court appointed James J. Ward as receiver to "locate, trace, maintain, and preserve any and all assets of [Woodcrest Apartments]." In response to Thompson's oral motion at a subsequent status hearing, the district court ruled that the Sterling defendants defaulted when they failed to respond to Thompson's complaint or file an appearance in the district court. More than a year later, in September 1981, the district court granted Thompson's motion to certify his action as a class action.
 
 
 4
 In early 1982 Thompson succumbed, and J. William Holland, the administrator of the Matthew Thompson estate, was substituted as plaintiff. Holland filed an amended complaint in April 1982 naming Leonard E. Cooper, Cooper-Glowicki, and DLJ Entities as defendants (the "Cooper defendants").[1] The amended complaint alleged that the Cooper defendants aided and abetted the fraud of the Woodcrest Apartments limited partners in receiving funds from Woodcrest Apartments and in their failure to convey the apartment buildings to Venture as represented in the prospectus.
 
 
 5
 Holland filed a motion for a default judgment against the Sterling defendants and the district court entered a default judgment against the Sterling defendants on August 23, 1982.[2]
 
 
 6
 One year later, on the 23rd of August in 1983 the Cooper defendants filed a motion to clarify whether the suit then pending against them was a class action. The district court ruled that the class had been certified only with respect to the Sterling defendants, ordering Holland "to file an appropriate motion if he wishes to pursue an action against the Cooper defendants on behalf of the class." The district court thereafter denied Holland's motion to "Reconsider Ruling on Motion for Clarification or in the Alternative for Entry of an Order Including the Cooper Defendants as Class Defendants."
 
 
 7
 Subsequently, Holland filed a motion entitled "Notice to Issue to Class Members," to inform them that the class action was not proceeding against the Cooper defendants. When James J. Ward, the receiver, learned at this time that Holland had commenced settlement negotiations with the Cooper defendants,[3] Ward filed a motion to intervene on the eve of settlement "to protect the interest of Woodcrest Apartments, Ltd. and the investors therein." Just two weeks later, the Cooper defendants filed an Offer of Judgment to settle Holland's claim for $10,000, and Holland promptly filed a notice of acceptance. The district court denied both the receiver's motion to intervene and Holland's motion to send notice to the class members, noting that both motions were inappropriate "at this stage of the case," and subsequently entered judgment on the offer and acceptance. The receiver appeals from the district court order denying his motion to intervene.
 
 II.
 
 8
 The question before the court is whether the receiver, appointed to "locate, trace, maintain, and preserve any and all assets of [Woodcrest Apartments]," may appeal the district court's order denying his motion to intervene without the prior approval and permission of the district court.
 
 
 9
 "The receiver is an officer of the court and subject to its orders in relation to the property for which he is responsible until discharged by the court." Federal Savings & Loan Insurance Corp. v. PSL Realty Co., 630 F.2d 515, 521 (7th Cir.1980), cert. denied, 452 U.S. 961, 101 S.Ct. 3109, 69 L.Ed.2d 971 (1981); see also United States v. Smallwood, 443 F.2d 535, 539 (8th Cir.), cert. denied, 404 U.S. 853, 92 S.Ct. 95, 30 L.Ed.2d 93 (1971); Ledbetter v. Farmer's Bank & Trust Co., 142 F.2d 147, 150 (4th Cir.), cert. denied, 323 U.S. 813, 65 S.Ct. 112, 89 L.Ed. 647 (1944); Jamaica Savings Bank v. Florizal Realty Corp., 95 Misc.2d 654, 407 N.Y.S.2d 1016, 1018 (N.Y.Sup.Ct.1978); Interlake Co. v. Von Hake, 697 P.2d 238, 240 (Utah 1985); Krist v. Aetna Casualty & Surety, 667 P.2d 665, 669 (Wyo.1983). As an officer of the court, "[a] receiver is an indifferent person between parties, appointed by the court to receive the rents, issues, or profits of land, or other things in question ... where it does not seem reasonable to the court that either party should do it.... He is appointed on behalf of all parties, and not of the complainant or the defendant only.... It is the court itself which has the care of the property in dispute." Booth v. Clark, 58 U.S. (17 How.) 322, 330, 15 L.Ed. 164 (1854).
 
 
 10
 It is a well-established rule that as an officer of the court, "a receiver may not ordinarily appeal without first obtaining authority from his creator, the court appointing him." Hatten v. Vose, 156 F.2d 464, 468 (10th Cir.1946); see also Coffey v. Gay, 191 Ala. 137, 67 So. 681, 682 (1914); Stowell v. Arizona Savings & Loan Ass'n, 93 Ariz. 310, 380 P.2d 606, 607 (1963); McKenzie v. Standard Bleachery Co., 109 N.J. 429, 157 A. 845, 847 (1931); Hill v. M.S. Alper & Son, Inc., 106 R.I. 38, 256 A.2d 10, 14 (1969); 4 C.J.S. Appeal & Error, Sec. 203 (1957). "To allow receivers to review rulings of the court under whose appointment they act, without first obtaining authority for that purpose would tend to [consume] the fund in the payment of costs and attorneys' fees rather than to [conserve] the interest of those for whose benefit insolvent funds are administered." Hatten, 156 F.2d at 468.
 
 
 11
 Courts have recognized very limited exceptions to this established rule allowing a receiver to appeal an order of the appointing court only after obtaining prior approval and permission. In Bosworth v. St. Louis Terminal R.R. Ass'n, 174 U.S. 182, 19 S.Ct. 625, 43 L.Ed. 941 (1899), the court stated that:
 
 
 12
 "A receiver may defend, both in the court appointing him and by appeal, the estate in his possession against all claims which are antagonistic to the rights of both parties [or] ... which are antagonistic to the rights of either party to the suit, subject to the limitation that he may not in such defense question any order or decree of the court distributing burdens or apportioning rights between the parties to the suit, or any order or decree resting upon the discretion of the court appointing him."
 
 
 13
 Id. at 186, 19 S.Ct. at 627; see also Hatten, 156 F.2d at 468; Kirkpatrick v. Eastern Milling & Export Co., 135 F. 151, 151 (C.C.N.J.1905). The court also stated that:
 
 
 14
 "[a receiver] may appeal from an order or decree which affects his personal rights, provided that it is not an order resting in the discretion of the court. Thus he may not appeal from an order discharging or removing him, or one directing him in the administration of the estate, as for instance to issue receiver's certificates, to make improvements, or matters of that kind, all of which depend on the sound discretion of the trial court."
 
 
 15
 Bosworth, 174 U.S. at 189, 19 S.Ct. at 628.
 
 
 16
 The receiver's appeal in the instant case does not fall within either of the limited exceptions outlined by the Supreme Court in Bosworth. Initially, the receiver's action in seeking to intervene is not an attempt to defend the estate in his possession against claims antagonistic to either or both parties. The only parties to the present action are Holland and the Cooper defendants. The record fails to reflect that any claim has been asserted against the receivership estate antagonistic to the interest of either Holland or the Cooper defendants requiring that the receiver be allowed to defend the estate.[4] The receiver is attempting to protect not the rights of Holland and the Sterling defendants, the parties who claim an interest in the estate, but instead the receiver is seeking to intervene on behalf of the investors in Woodcrest Apartments, who are not parties to Holland's action against the Cooper defendants. The effect of the receiver's intervention would be not to preserve assets for the benefit of the parties to the action, but rather to prevent the settlement of the dispute between Holland and the Cooper defendants.
 
 
 17
 Secondly, the appeal of the receiver clearly is not related to the personal rights of the receiver. A receiver may appeal an order affecting his personal rights, for example an order disallowing his commission or fees, provided the order does not rest in the discretion of the court. Bosworth, 174 U.S. at 189, 19 S.Ct. at 628. In the instant case, the receiver sought to intervene solely to protect the rights of Woodcrest Apartments and its investors and not to protect his right to his fee. Because the motion to intervene asserted no personal interest of the receiver in his fee, he cannot base his appeal on the exception permitting a receiver to appeal an order affecting his personal rights.
 
 
 18
 The appeal of the receiver thus fails to fall within either of the specific limited exceptions to the established rule barring a receiver's appeal absent the prior approval and permission of the appointing court--to defend claims antagonistic to the rights of the parties or to protect the personal rights of the receiver. Furthermore, the order denying the motion to intervene is similar to orders that the Bosworth court stated when specifically not appealable. The court in Bosworth stated that a receiver:"cannot question any subsequent order or decree of the court distributing the estate in his hands between the parties to the suit.... He is to stand indifferent between the parties, and may not be heard either in the court which appointed him, or in the appellate court, as to the rightfulness of any order which is a mere order of distribution between the parties."
 
 
 19
 174 U.S. at 186, 19 S.Ct. at 627. Yet that is precisely the effect of the receiver's attempted intervention in the instant case. The trial court, together with the parties, was approaching a resolution of the dispute, when the receiver, in an eleventh hour maneuver, sought to prevent settlement in attempting to intervene to assert the rights of non-parties. In intervening to prevent settlement, the receiver is in effect questioning the rightfulness of the court's distribution of the receivership estate between the parties. The court in Bosworth stated that such a challenge "may not be heard either in the court that appointed him, or in the appellate court." Id. at 187, 19 S.Ct. at 627.
 
 
 20
 The court in Bosworth also stated that a receiver "may not appeal from an order discharging or removing him, or one directing him in the administration of the estate, as for instance to issue receiver's certificates, to make improvements, or matters of that kind, all of which depend upon the sound discretion of the trial court." Id. at 189, 19 S.Ct. at 628. Thus, we must determine whether the order denying the motion to intervene was an order directing the receiver in the administration of the estate committed to the discretion of the trial court.[5] In Des Arc & Powhatan Bridge Co. v. Austin Bridge Co., 94 F.2d 494 (8th Cir.1938), the court recognized that "[t]he order denying the receiver's application for authority to intervene and prosecute the law action was ... an administrative one." Id. at 495. The court compared the order denying intervention to an order granting the right to sue a receiver which " 'is discretionary and administrative, and therefore ... not appealable.' " Id. at 495 (quoting New York Security & Trust Co. v. Illinois Transfer R. Co., 104 F. 710 (7th Cir.1900) (per curiam )). The court concluded that the administrative order denying the receiver's intervention likewise was not appealable, and dismissed the appeal. Similarly, we conclude that the order denying the receiver's motion to intervene in the instant case was an administrative order directing the receiver to cease any further litigation.
 
 
 21
 Further, the order of the district court denying the receiver's motion to intervene was clearly a decision left to the discretion of the trial court. Rule 24 of the Federal Rules of Civil Procedure provides the standards governing a motion to intervene. Rule 24(a) states that "upon timely application anyone shall be permitted to intervene in an action ... when the applicant claims an interest relating to the property or transaction which is the subject of the action...." Fed.R.Civ.P. 24(a). Rule 24(b) states that "upon timely application anyone may be permitted to intervene in an action ... when that applicant's claim or defense and the main action have a question of law or fact in common." Fed.R.Civ.P. 24(b). Both subsections of Rule 24 require that an application to intervene be timely. Whether a motion to intervene should be denied because it was not made in a timely fashion is a decision committed to the discretion of the district court. See NAACP v. New York Aircraft Corp., 413 U.S. 345, 366, 93 S.Ct. 2591, 2603, 37 L.Ed.2d 648 (1973); 7A C. Wright & A. Miller, Federal Practice and Procedure, Sec. 1916 at 572 (1972). In the instant case, the district court denied the receiver's motion to intervene, stating, "Intervention is clearly inappropriate at the point we are now." The receiver's motion for intervention came some four and a half years after the commencement of the lawsuit, merely days before Holland accepted the Sterling defendants' offer of judgment. Furthermore, it should have been clear that Holland's action against the Sterling defendants would not proceed as a class action once the district court denied Holland's motion to reconsider its ruling clarifying that the class was not certified with respect to the Cooper defendants. Yet the receiver waited more than three months after the district court denied Holland's motion to reconsider before filing his motion to intervene. Thus, the decision to deny the receiver's motion to intervene on the grounds that it was not timely was well within the discretion of the district court.[6]
 
 
 22
 We conclude that the receiver's appeal fails to fall within a recognized exception to the rule that a receiver cannot appeal without the permission of the court appointing him. We further conclude that the order denying the receiver's motion to intervene is an administrative order within the discretion of the district court which the Supreme Court in Bosworth specifically stated was not appealable. Accordingly, we hold the receiver cannot appeal the district court's order denying his motion to intervene without first obtaining the permission of the district court.[7]
 
 
 23
 The receiver's appeal is DISMISSED.
 
 
 
 *
 The Honorable William J. Campbell, Senior District Judge of the Northern District of Illinois, is sitting by designation
 
 
 [1]
 Leonard E. Cooper was a partner in both the Cooper-Glowicki Partnership and DLJ Entities
 
 
 [2]
 The judgment order provided, in part:
 "It is the finding and order of this Court that this Judgment Order is to be taken solely against the defaulted Defendants, Sterling Enterprises, Inc., John A. Meatte and Kenneth F. Kortas, and that nothing herein contained shall stand as a finding of fact or ruling of law affecting the right of the remaining Defendants Leonard E. Cooper, Cooper-Glowicki Partnership and DLJ Entities. This Judgment Order shall not be taken as establishing the law of the case, collateral estoppel, or res judicata to said remaining defendants.... All such issues, whether questions of law, determinations of class, or factual determinations, as they concern the remaining defendants are to be determined by such order and further orders this Court may enter in futuro."
 
 
 [3]
 Ward apparently learned of the settlement negotiations through his counsel, who also represented Holland
 
 
 [4]
 An example of a claim antagonistic to both parties would be a suit filed by the State of Illinois against Woodcrest Apartments for real estate taxes due and owing the State. See Bosworth, 174 U.S. at 186, 19 S.Ct. at 627. In such an instance, the receiver would be entitled to defend the receivership estate and appeal rulings adverse to the receivership estate in order that he might preserve, to the greatest extent possible, the assets of the estate for distribution among the parties of the receivership action as the court determines
 
 
 [5]
 We note that the receiver would have no right to appeal if the district court had discharged or removed the receiver instead of merely denying the receiver's motion to intervene
 
 
 [6]
 The receiver's motion to intervene cited both Rule 24(a) and 24(b) as authority for its attempted intervention. An order granting or denying a motion for permissive intervention pursuant to Rule 24(b), even if it is timely filed, is committed to the sound discretion of the trial court. Allen Calculators, Inc. v. National Cash Register Co., 322 U.S. 137, 142, 64 S.Ct. 905, 908, 88 L.Ed. 1188 (1944); see also 7A C. Wright & A. Miller, Federal Practice and Procedure, Sec. 1923 at 630 (1972)
 
 
 [7]
 The receiver contends that Piambino v. Bailey, 610 F.2d 1306 (5th Cir.), cert. denied, 449 U.S. 1011, 101 S.Ct. 568, 66 L.Ed.2d 469 (1980), supports his position that a receiver need not have the permission of the court to appeal from an order denying intervention. Piambino is clearly distinguishable on several grounds. First, in addition to his position as receiver, the intervenor in Piambino was also the Compliance Officer of the California Restitutionary Fund, and as such was a "trustee of an express trust" within the meaning of California law and "a real party in interest for purposes of [the] litigation." 610 F.2d at 1323. Because of his position as Compliance Officer, the court concluded, "we have no occasion to address the separate question of whether his appointment as receiver ... by the Superior Court ... was sufficient to warrant intervention of right." Id. at n. 21. Second, since the court in Piambino focused on the intervenor as Compliance Officer rather than as receiver, the court never discussed his right as a receiver to appeal the order denying intervention. Third, the receiver in Piambino was appointed by the California Superior Court, and thus when he appealed the order of the United States District Court denying intervention, he was not appealing from an order of the court that appointed him. In view of the significant differences between the facts in Piambino and the instant case and the fact that the Piambino opinion never addressed the issue of a receiver's right to appeal, Piambino cannot be read to support the receiver's argument before this court